FILED
MAR 14 2011
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ANDREW GILL,                )
                            )
        Plaintiff,           )
                            )
    v.                      )   Civil Action No. 11 0534
                            )
BRIAN STOKES, et al.,        )
                            )
        Defendants.          )

## MEMORANDUM OPINION

This matter is before the Court on plaintiff's application to proceed *in forma pauperis* and *pro se* complaint. For the reasons discussed below, the complaint will be dismissed as frivolous.

Plaintiff alleges that the defendant has "approached [him] out of the blue . . . wishing to be a witness for [him] in a series of civil matters that [he] was working on." Compl. at 1. Apparently these matters pertained to child pornography and the murder of a child in New Port Richey, Florida. *See id.* Plaintiff, however, "does not know" the defendant, *id.*, and "would like to know how [the defendant] came to be in contact with [him]," *id.* Among other relief, plaintiff "wants to know who sent [the defendant] . . . and why he approached the plaintiff." *Id.* at 2. In addition, plaintiff demands "an answer to why the FBI has not shown a few pictures to the plaintiff of the 13 year old girls in the child pornography for identification[.]" *Id.*

The Court must dismiss a complaint if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. 28 U.S.C. § 1915(e)(2)(B)(i). In *Neitzke v. Williams*, 490 U.S. 319 (1989), the Supreme Court states that the trial court has the authority to dismiss not only

1

claims based on an indisputably meritless legal theory, but also claims whose factual contentions are clearly baseless. Claims describing fantastic or delusional scenarios fall into the category of cases whose factual contentions are clearly baseless. *Id.* at 328. The Court has the discretion to decide whether a complaint is frivolous, and such finding is appropriate when the facts alleged are irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

Mindful that a complaint filed by a *pro se* litigant is held to a less stringent standard than that applied to a formal pleading drafted by a lawyer, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), the Court concludes that the factual contentions of the plaintiff's complaint are baseless and wholly incredible. For this reason, the complaint is frivolous and must be dismissed. *See* 28 U.S.C. § 1915(e)(2)(B)(i).

A separate Order accompanies this Memorandum Opinion.

United States District Judge

DATE: March 9, 2011